IN THE UNITED STATES BANKRUPTCY COURT
Middle District of Florida - Jacksonville Division

In the Matter of: }
} Case No. 3:11-bk-05206-PMG
Ramona Terry }
} Chapter 13
}
}

**Debtor(s)**

## FIRST AMENDED CHAPTER 13 PLAN

A. The future earnings of the debtor are submitted to the supervision and control of the court and the debtor (or debtor's employer) shall pay to the Chapter 13 Trustee the sum of approximately $ 990.00 , _____ weekly, __X__ monthly, _____ semimonthly, _____ every two weeks for approximately __60__ months, which approximates a payment of $ 990.00 per month. Once debtors successfully complete the Chapter 13 plan and a discharge is entered by the Court, NO CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEY'S FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE

B. From the payment so received, the Trustee shall make disbursements in the following order:

1. The priority payments required by 11 U.S.C. Section 507(a) including the payment of Trustee's Fees and Attorney's Fees in the amount of $ 2674.00 , plus an administrative fee of $25 for monitoring beginning in month 7 through the month 42 of the plan. All fees include costs. Attorney's Fees, costs, and other priority claims shall be paid according to the following schedule:

| CREDITOR NAME | TYPE OF PRIORITY | PAYMENT SCHEDULE: |
|---|---|---|
| Michael D. Bruckman, P.A. | Administrative Expense | Payments of $ 500.00 per month for the first 5 months of the plan, then $ 174.00 in month 6 of the plan or until paid in full. In addition, the Trustee shall pay this Creditor an administrative fee of $ 25.00 beginning in month 7 Through Month 42 of the plan. Thereafter these funds shall go to unsecured creditors. |

2. The following creditors' claims consist of claims secured by an interest in real property, or mobile home. Distribution of funds from the estate appears below. Holders of these secured claims shall retain their liens until, if being "crammed down", the value of their collateral is paid as per the terms below, otherwise until the contract pays out as modified below.

IN RE: Terry
CHAPTER 13 CASE NO.:
PAGE TWO OF CHAPTER 13 PLAN

| CREDITOR NAME | TYPE OF COLLATERAL | PAYMENT SCHEDULE |
|---|---|---|
| Bank of America<br>PO Box 650070<br>Dallas TX 75265-0070 | Homestead | Creditor to be paid directly by debtor outside of plan. No arrears |

3. **TO INSURE COMPLIANCE WITH 524(i)** - The ongoing postpetition payments on the Debtors' home mortgage will be paid by the trustee to [*creditor/servicer*] beginning with the payment due on [ month of next due date]. The payments received by [*creditor/servicer*] from the Debtors for ongoing postpetition payments shall be applied and credited to the Debtors' mortgage account as if the account were current and no prepetition default existed on the petition date. If made timely under the terms of the plan, the postpetition payments shall be applied and credited without penalty to the months in which the payments are received and in order of priority specified in the payment application provision contained in the note and mortgage. The [*creditor/servicer*] shall comply with all applicable provisions of the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA) during the pendency of this plan, and shall make, upon notice to the Debtors, Debtors' counsel and the trustee, appropriate adjustments to the ongoing monthly mortgage payment amount to reflect escrow account, ARM and other charges required by the note and mortgage. If there is a deficiency or surplus held in escrow, as defined under RESPA, during the pendency of this plan, [*creditor/servicer*] shall notify debtor as required by RESPA, and shall also provide notice to the Debtors' counsel and the trustee. The Debtors will cure the default on the mortgage within the plan term by making payments on the arrears through the plan, which shall be disbursed by the trustee to [*creditor/servicer*]. The payments disbursed by the trustee to [*creditor/servicer*] shall be applied and credited to the amount necessary to cure the default, which shall be referred to as the "arrears" for the purposes of this plan. The arrears shall consist of the following items, to the extent they are listed and separately itemized on [*creditor/servicer*]'s proof of claim, are authorized, and have been properly assessed under the terms of the note and mortgage: A) any unpaid prepetition monthly installment payments due; B) any unpaid prepetition late fees; C) any unpaid reasonable prepetition attorney fees and costs; D) any unpaid reasonable attorney fees and costs incurred postpetition but prior to confirmation; E) any unpaid escrow shortage or deficiency, as defined under RESPA, to the extent not being recovered as part of the unpaid prepetition monthly installment payments provided in (A) above; and (F) any postpetition interest on the arrears, if expressly provided for in the terms of the note and mortgage. The amounts required to be paid by the Debtors for the above listed items of arrears in order to cure the default shall be the amounts stated on [*creditor/servicer*]'s proof of claim, unless the amount is disputed by debtors, in which case the amount of arrears will be ultimately decided by the Court or agreed to by the parties. The arrears may also include any postpetition arrears consisting of any of the items listed in the categories (A) through (F) noted above, but only to the extent these amounts are authorized by the note and mortgage and approved by the Court after notice to the Debtors, Debtors' counsel and the trustee. No other fees, costs, or other amounts may be charged to the Debtors during the pendency of the case, and no payments received by [*creditor/servicer*] from the Debtors or the trustee shall be applied and credited except as directed and required by this plan. Upon completion of the payment of the arrears, the Debtor's mortgage account shall be deemed current and will be reinstated on the original payment schedule under the note and mortgage as if no default had ever occurred. Any failure of [*creditor/servicer*] to credit payments in the manner required by this plan or any act by [*creditor/servicer*] upon completion of the plan to charge or collect any amounts assessed during the pendency of this chapter 13 case that were not authorized by this plan or approved by the court after proper notice shall be a violation of 11 U.S.C. §524(i)

IN RE:    Terry
CHAPTER 13 CASE NO.:
PAGE THREE OF CHAPTER 13 PLAN

4. Holders of all other secured claims shall file a full balance claim (including any arrearage thereto) and shall be paid in full up to the value of the collateral over the life of the Chapter 13 Plan unless stated otherwise or agreed to otherwise pursuant to an Order of the Court. The holder of the allowed secured claim shall retain the lien securing such claim until said value of the collateral is paid in full, unless stated differently below. Any unsecured portion of these types of claims shall be paid in accordance with unsecured creditors.

| CREDITOR NAME | TYPE OF COLLATERAL | PAYMENT SCHEDULE |
|---|---|---|
| Florida Credit Union<br>P.O. Box 5549<br>Gainesville FL 32627-5549 | 2007 Nissan Armada SE,<br>75,000 miles, unrepaired accident damage | Creditor to receive minimum monthly payments of $ 270.75 beginning in month  1  , and ending in month  60  ( Proof of claim amount: $ 13,902.61 at 6.25% (contract rate) over 60 months.= 16,244.74.) Thereafter, these funds shall be used to pay unsecured creditors. |

5. After payments to secured creditors, dividends to unsecured creditors whose claims are timely filed and allowed shall share pro rata the sum of approximately $ 33000    or more. Only creditors filing claims before the bar date shall share in the above stated amount, unless specifically provided for above. Total unsecured claims expected to be filed: $ 33,000.00    .

C. If applicable, the following executory contracts of the debtor are rejected:

_____

D. Property of the estate includes all property described in 11 U.S.C. section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed, or likewise converted to one under another chapter of the code. All property of the debtor remains vested in the estate until completion of the plan.

E. All disputes involving the creditor's claims in this case shall be resolved by a federal court.

DATED:    October 11, 2011    

                                            /s/    Michael D. Bruckman                
                                            Attorney For Debtor - #0074410
Send Objections/claims via e-mail, or send via US Mail to U.S. Bankruptcy Court, 300 N. Hogan St., 3-350, Jacksonville, FL 32202(with copy to Michael D. Bruckman, PA, 110 N.E. 11th Ave., Ocala FL34470, bankrup_see@msn.com, michaelbruckman@gmail.com)