UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:11-bk-05206 –PMG
Chapter 13

IN RE:

RAMONA TERRY

_____/

ORDER CONFIRMING CHAPTER 13 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on December 16, 2011 that the Plan complies with the provisions of 11 U.S.C. §1325, it is

Accordingly:

**IT IS ORDERED** that:

1. The Plan, dated December 15, 2011, is confirmed.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

3. Payments shall be made by the Debtor in the amount of $990.00 per month for a period of 42 months. Payments shall be made to Douglas W. Neway, Trustee, at **P.O. Box 2079, Memphis, Tennessee 38101-2079.**

4. Notwithstanding and in addition to payments set out in 3 above, the Debtor shall fund this plan for the applicable commitment period, beginning on the date that the first payment is due under the Plan, using all disposable income to be paid to unsecured creditors.

5. The Trustee shall pay all claims provided for in the Plan for which proofs of claims have been filed. Distributions shall commence and be made by the Tru tee on a monthly basis

RAMONA TERRY                                  CASE NO: 3: 11-bk-05206 -PMG

following this Confirmation on secured and priority claims only. Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

    6. The Trustee shall make full disbursements in the following order:

        a.    Commissions and costs as the Court may from time to time approve.

        b.    Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

        c.    Any claim or amended claim filed after November 28, 2011, unless specifically provided for in Exhibit A, shall receive no distribution.

    7. Secured creditors shall retain their liens.

    8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any confirmed plan that states differently.

    9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing. The requirement to object to secured mortgage claims that are filed prior to confirmation is waived as to the Chapter 13

RAMONA TERRY                              CASE NO: 3: 11-bk-05206 -PMG

Trustee and this confirmation shall have no res judicata effect on the Trustee's right to file and litigate any objections to mortgage claims for 60 days beyond the claims bar date.

10. The property of the estate revests in the Debtor or in any other entity provided for by the Debtor in the terms of the confirmed chapter 13 plan upon discharge of the Debtor or, in the alternative, upon dismissal of the case.

11. The Debtor shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 13 Trustee by April 30th of the year following the taxable year. If the Debtor has properly filed an extension to file with the Internal Revenue Service and deliver a copy of the tax return to the Chapter 13 Trustee no later than 10 days after the extension date.

12. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect.

13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

RAMONA TERRY						CASE NO: 3:11-bk-05206-PMG

14. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the plan are as follows:

    a.    Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtor and Debtor's counsel.

    b.    Upon receipt of the Notice, the Trustee shall take the following action:

        (1)    If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

RAMONA TERRY                              CASE NO: 3: 11-bk-05206 -PMG

      (2)    If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtor and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the confirmed plan requested by the Trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

15. If the Debtor has surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

DATED this January, _____9_____, 2012 in Jacksonville, Florida.

_____
Paul M. Glenn
United States Bankruptcy Judge

# EXHIBIT A
## CASE NO: 3:11-bk-05206-PMG
## RAMONA TERRY
### Chapter 13

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| | TRUSTEE EXPENSES | Priority | As set by U.S. Trustee | | | |
| | MICHAEL D BRUCKMAN ESQUIRE | Priority | $2,674.00 | $2,674.00 | $500.00 | 1 - 5 |
| | | | | | $174.00 | 6 - 6 |
| | | | | | $0.00 | 7 - 42 |

***Claim Notes:*** *No claim filed.*

| | BANK OF AMERICA | Secured | $0.00 | $0.00 | $0.00 | |

***Claim Notes:*** *Mortgage No claim filed. Claim paid outside of plan.*

| 01 | INTERNAL REVENUE SERVICE | Priority | $0.00 | $0.00 | $0.00 | |
| 02 | DEPARTMENT STORES NATIONAL BANK/VISA | Unsecured | $4,564.43 | $4,564.43 | ProRata | |
| 03 | FLORIDA CREDIT UNION | Secured | $13,920.61 | $15,534.54 | $369.87 | 1 - 42 |
| 04 | ASSET ACCEPTANCE LLC | Unsecured | $10,872.98 | $10,872.98 | ProRata | |
| 05 | PHARIA LLC | Unsecured | $828.81 | $828.81 | ProRata | |
| 06 | WELLS FARGO BANK | Unsecured | $129.37 | $129.37 | ProRata | |
| 07 | HSBC BANK NEVADA | Secured | $2,860.00 | $0.00 | $0.00 | |

***Claim Notes:*** *Surrendered. Debtor To Surrender All Interest In Collateral. Creditor Is To Receive Payments Directly From Co-Debtor, Outside Of The Plan*

| 07 | HSBC BANK NEVADA | Unsecured | $491.55 | $0.00 | ProRata | |

***Claim Notes:*** *Surrendered. Debtor To Surrender All Interest In Collateral. Creditor Is To Receive Payments Directly From Co-Debtor, Outside Of The Plan*

| Debtor Payment Schedule | | |
|---|---|---|
| StartDate | Number of Months | PaymentAmount |
| August 14, 2011 | 1 - 42 | $990.00 |

Copies to:
Debtor
Michael D Bruckman Esquire
Douglas W. Neway, Trustee
All Interested Parties